UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN TRONCOSO, | Civil No.12-1708-WQH(WVG) |
| Petitioner, | REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS (DOC. NO. 13) |
| v. | |
| DAVID LONG, Warden, | |
| Respondent. | |

Ruben Troncoso ("Petitioner"), a state prisoner proceeding *pro se*[1], has filed a Petition For Writ of Habeas Corpus pursuant to  28 U.S.C. §2254. Respondent David Long ("Respondent") has filed a Motion to Dismiss the Petition. Petitioner has filed an Opposition to the Motion to Dismiss. The Court ordered Respondent to file a Reply to Petitioner's Opposition to the Motion to Dismiss. Respondent filed a "Response To Petitioner's Opposition to

---

[1]While Petitioner filed his Petition *pro se*, he is now represented by counsel who filed Petitioner's Opposition to Respondent's Motion to Dismiss and Reply on his behalf.

12cv1708

Respondent's Motion To Dismiss." Petitioner filed a Reply to Respondent's Response.

The Court, having reviewed Petitioner's Petition, Respondent's Motion to Dismiss, Petitioner's Opposition to the Motion to Dismiss, Respondent's Response to Petitioner's Opposition, Petitioner's Reply to Respondent's Response, and the lodgments presented therewith, finds that Petitioner is not entitled to the relief requested and that Petitioner's Petition is barred by the statute of limitations. Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

I

PROCEDURAL HISTORY

A jury found Petitioner guilty of possession of cocaine for sale, in violation of California Heath & Safety Code §11351[2] (counts 1, 7), transportation of cocaine [§11352(a), counts 2, 8), transportation of cocaine for sale or distribution to a non-contiguous county [§11352(b), counts 3, 9], conspiracy to possess cocaine for sale [§11351, Cal. Penal Code §182(a)(1), counts 4, 10], conspiracy to transport cocaine [§11352(a), Cal. Penal Code §182(a)(1), counts 5, 11], and conspiracy to transport cocaine for sale or distribution to a non-contiguous county [§11352(b), Cal. Penal Code §182(a)(1), counts 6, 12]. Counts one through six alleged acts occur-

---

[2]All references to code sections are to the California Health & Safety Code, unless otherwise noted.

ring on October 12, 2005, while counts seven through twelve alleged acts occurring on October 28, 2005.

The trial court sentenced Petitioner to 33 years imprisonment, but awarded him 729 days of actual custody credits plus 364 conduct credits pursuant to Cal. Penal Code §4019, for a total of 1,093 days of presentence credits. (Respondent's Lodgment No. 1 at 1-2).

Petitioner appealed his convictions to the California Court of Appeal. (Respondent's Lodgment No. 1). On July 29, 2010, the Court of Appeal reversed Petitioner's convictions on counts 2, 4, 5, 6, 8, 10, 11 and 12, but otherwise affirmed the trial court's judgment. The Court of Appeal remanded the case to the trial court to recalculate Petitioner's presentence custody credits according to the amended version of Cal. Penal code §4019, amend the abstract of judgment, and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. (Respondent's Lodgment No. 1 at 23).

On August 7, 2010, the California Court of Appeal modified its July 29, 2010 opinion, but stated: "There is no change in the judgment." (Respondent's Lodgment No. 1).

On October 6, 2010, the Imperial County Superior Court filed an Amended Abstract of Judgment in which it recalculated Petitioner's presentence custody credits. (Respondent's Lodgment No. 13).

Petitioner did not file a Petition for Review in the California Supreme Court. (Respondent's Lodgment No. 2).

12cv1708

On August 10, 2011, Petitioner constructively[3/] filed a Petition For Writ Of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 3). On August 22, 2011, the Court of Appeal denied the Petition, stating that Petitioner failed to file the Petition in the appropriate court. (Respondent's Lodgment No. 4).

On September 16, 2011, Petitioner constructively[4/] filed a Petition for Writ of Habeas Corpus in the Imperial County Superior Court. (Respondent's Lodgment No. 5). On November 8, 2011, the Petition was denied as untimely. (Respondent's Lodgment No. 6).

On December 6, 2011, Petitioner constructively[5/] filed another Petition For Writ Of Habeas Corpus in the Imperial County Superior Court. (Respondent's Lodgment No. 7). On January 11, 2012, the Superior Court denied the Petition for Petitioner's failure to provide a declaration to support his explanation for his delay in filing the Petition and for failure to move for reconsideration of the November 8, 2011 denial, pursuant to the requirements of California law. (Respondent's Lodgment No. 8).

On January 24, 2012, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 9). On February 28,

_____

[3/]The Court gives Petitioner the benefit of the "mailbox rule" which deems that a petition is constructively filed when it is delivered to prison officials for filing. Houston v. Lack, 487 U.S. 266(1988).

[4/]See footnote 2.

[5/]See footnote 2.

2012, the Court of Appeal denied the Petition. (Respondent's Lodgment No. 10).

On February 5, 2012, Petitioner filed a Petition for Review in the California Supreme Court. (Respondent's Lodgment No. 11).[6] On June 13, 2012, the California Supreme Court denied the Petition without comment. (Respondent's Lodgment No. 12).

On June 24, 2012, Petitioner constructively[7] filed a Petition for Writ of Habeas Corpus in this Court. On April 29, 2013, Respondent filed the Motion to Dismiss that is now before the Court. On June 25, 2013, Petitioner filed an Opposition to the Motion to Dismiss. On August 1, 2013, Respondent filed a Response to Petitioner's Opposition to the Motion to Dismiss. On August 7, 2013, Petitioner filed a Reply to Respondent's Response.

## II

### PETITIONER'S PETITION IS BARRED

### BY THE STATUTE OF LIMITATIONS

1. The AEDPA's One-Year Statute of Limitations

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059,

---

[6] It appears that Petitioner filed his Petition in the California Supreme Court on February 5, 2012 before the Court of Appeal had ruled (on February 28, 2012) on his Petition filed in that court.

[7] See footnote 2.

2068 (1997).  Therefore, because the Petition was filed on June 24, 2012, the AEDPA applies to this case.

Prior to the enactment of the AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 U.S. 897 (1998), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). "[D]elays of more than a decade did not necessarily bar a prisoner from seeking relief."  Id.

With enactment of the AEDPA, a state prisoner's time frame for seeking federal habeas relief was dramatically limited.  The AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d), which provides for a one-year limitation period for state prisoners to file habeas corpus petitions in federal court.  Section 2244(d) states, in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

12cv1708

<pre>
          (C) the date on which the constitu-
          tional right asserted was initially
          recognized by the Supreme Court, if
          the right has been newly recognized
          by the Supreme Court and made retro-
          actively applicable to cases on col-
          lateral review; or

          (D) the date on which the factual
          predicate of the claim or claims
          presented could have been discovered
          through the exercise of due dili-
          gence.

     (2) The time during which a properly filed
     application for State post-conviction or other
     collateral review with respect to the perti-
     nent judgment or claim
     is pending shall not be counted toward any period of
     limitation under this subsection.
</pre>

Petitioner timely appealed his convictions to the California Court of Appeal. On July 29, 2010, the Court of Appeal reversed several of Petitioner's convictions and remanded the case to the Superior Court to recalculate Petitioner's presentence custody credits and amend the Abstract of Judgment. On October 6, 2010, the Imperial County Superior Court filed an Amended Abstract of Judgment in which it recalculated Petitioner's presentence custody credits. Petitioner did not appeal the Amended Judgment.

Respondent argues that Petitioner's conviction became final on September 7, 2010 because Petitioner did not appeal the Amended Judgment to the California Supreme Court. Respondent avers that Petitioner's conviction became final 40 days after the California Court of Appeal filed its opinion on July 29, 2010. Respondent cites California Rules of Court 24(a), 28(b), 45(1) and Smith v.

<u>Duncan</u>, 297 F.3d 809 (9th Cir. 2002), abrogated on other grounds by <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005). Respondent's argument in this regard is unavailing.

California Rule of Court 24(a) has been renumbered. The Rule's new number is 8.264 which states in pertinent part: "(A) Court of Appeal decision in a *civil* appeal,... is final in that court 30 days after filing." (emphasis added). Since Petitioner's appeal was in a criminal case, California Rule of Court 24(a) and/or 8.264 are inapplicable.

California Rule of Court 28(b) has been renumbered. The Rule's new number is 8.500 which states that a Petition for Review must be filed and served within 10 days after a Court of Appeal's decision is final in that court. Since Petitioner did not file a Petition for Review, California Rule of Court 28(b) and/or 8.500 are inapplicable.

California Rule of Court 45(b) has been renumbered. The Rule's new number is 8.600, which applies to death sentence appeals. Since there is no death sentence in this case, California Rule of Court 45 and/or 8.600 are inapplicable.

Further Respondent ignores the fact that the Court of Appeal remanded the case to the Superior Court to recalculate Petitioner's presentence custody credits.

Petitioner correctly argues that his conviction became final at the end of the time he could have sought review by the California Court of Appeal of the Superior

Court's Amended Abstract of Judgment in which the Superior Court recalculated Petitioner's presentence custody credits. U.S. v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000)["...remand orders... leave matters for the (trial) court to decide."] See also Coville v. McKenna, 192 Fed. Appx. 641, 642, 2006 WL 2076519 (9th Cir. 2006). Petitioner could have appealed the trial court's recalculation of his presentence credits, but he did not do so. In California, a judgment must be appealed within 60 days of the date of the judgment. (Cal. Rules of Court 8.308). Therefore, Petitioner's conviction became final on December 5, 2010, 60 days after October 6, 2010, the date of the Superior Court's Amended Abstract of Judgment.

Therefore, absent tolling, Petitioner had one year or until December 6, 2011, to file his Petition For Writ of Habeas Corpus in this Court.[8] However, as explained in detail below, Petitioner failed to file the Petition in this Court within the one-year prescribed by 28 U.S.C. §2244(d)(1), thus making it untimely and barred by the statute of limitations.

Petitioner filed multiple petitions for post-conviction relief in the California Superior, Appellate, and Supreme Courts. The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. Under the holding of Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the "statute

---

[8]/The statute of limitations period starts on the day after a petitioner's conviction and sentence become final under the state's procedural rules. Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012).

of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects petitioner's final collateral challenge," provided the petitions were properly filed and pending during that entire time. The statute of limitations is <u>not tolled</u> from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case "pending" during that interval. <u>Nino</u>, 183 F.3d at 1006

The meaning of the terms "properly filed" and "pending" in <u>Nino</u> have been clarified by the United States Supreme Court. In <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S.Ct 361 (2000), the Court held that a state application for post-conviction review is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filing," "which usually prescribe the form of the document, the time limits upon its delivery, the court and office in which it must be lodged and the requisite fee." In <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), the Court held that the time between denial in a lower California court and the filing of a subsequent petition in the next higher court does not toll the statute of limitations, if the petition is ultimately found to be untimely. <u>Id.</u> at 223-226. In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005), the Court held that statutory tolling is not available for the period a petition is under consideration, if it is dismissed as untimely. <u>Id.</u> at 413.

Petitioner's first petition for relief after his convictions and sentence became final was filed on August 10, 2011 in the California Court of Appeal. On August 22, 2011, the California Court of Appeal denied the Petition for failure to file the Petition in the appropriate court. On September 16, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in the Imperial County Superior Court. On November 8, 2011, the Superior Court denied the Petition as untimely. On December 6, 2011, Petitioner filed another Petition for Writ of Habeas Corpus in the Imperial County Superior Court. On January 11, 2012, the Superior Court denied the Petition for Petitioner's failure to provide a declaration in support of his explanation for the delay in filing the Petition and for failure to follow California's procedural rules.

Petitioner waited until August 10, 2011 to file a Petition for Writ of Habeas Corpus in the California Court of Appeal. From December 6, 2010, (the day after Petitioner's conviction became final), to August 10, 2011, (the date Petitioner filed his first Petition for Writ of Habeas Corpus in the California Court of Appeal), **247 days** (8 months, 4 days) elapsed in which the statute of limitations was not tolled. <u>Nino</u>, 183 F.3d at 1006.

On August 22, 2011, the California Court of Appeal denied the Petition without prejudice to Petitioner filing it in the Imperial County Superior Court. On September 6, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in the Imperial County Superior Court. From August

12cv1708

10, 2011 (the date Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal) to August 22, 2011 (the date the California Court of Appeal denied the Petition without prejudice to refiling in the proper court), a period of 12 days, the statute of limitations was tolled. <u>Cross v. Sisto</u>, 676 F.3d 1172, 1179 (9th Cir. 2012).

The Petitions for Writ of Habeas Corpus that Petitioner filed on September 16, 2011 (in the Imperial County Superior Court), and December 6, 2011 (in the Imperial County Superior Court) did not toll the statute of limitations. In each of these Petitions, the courts in which they were filed found them to be untimely, and procedurally deficient. As a result, they were not "properly filed" and do not toll the statute of limitations. 28 U.S.C.2244(d)(2), <u>Artuz</u>, 531 U.S. at 8.

Therefore, from August 22, 2011 (the date the California Court of Appeal denied the Petition without prejudice to refiling it in the proper court) to January 11, 2012 (the date the Imperial County Superior Court denied Petitioner's second Petition for Writ of Habeas Corpus in that court), **142 days** (4 months, 20 days) elapsed when the statute of limitations was not tolled.

On June 24, 2012, Petitioner filed the Petition for Writ of Habeas Corpus that is now pending before this Court. From June 13, 2012 (the date the California Supreme Court denied his Petition for Writ of Habeas Corpus in that court) to June 24, 2012, the statute of limitations

was not tolled because there was no case pending during that interval. <u>Nino</u>, 183 F.3d at 1006. From June 13, 2012 to June 24, 2012, 11 days elapsed. Therefore the statute of limitations was not tolled for **11 days**.

Petitioner argues that he is entitled to statutory tolling of the statute of limitations for his September 16, 2011 and December 6, 2011 Petitions for Writ of Habeas Corpus filed in the Imperial County Superior Court. The September 16, 2011 Petition (Respondent's Lodgment No. 5) was denied as untimely on November 8, 2011. (Respondent's Lodgment No. 6). The December 6, 2011 Petition (Respondent's Lodgment No. 7) was denied as untimely and for other procedural reasons on January 11, 2012 (Respondent's Lodgment No. 8). Thereafter, on January 24, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal (Respondent's Lodgment No. 9). On February 28, 2012, the California Court of Appeal denied the Petition on the merits. It did not address the timeliness of the Petition. Therefore, Petitioner contends that the California Court of Appeal impliedly overruled the untimeliness findings of the Imperial County Superior Court, thereby allowing for statutory tolling of the statute of limitations. Petitioner cites <u>Campbell v. Henry</u>, 614 F.3d 1056, 1060-1061 (9th Cir. 2010) and <u>Trigueros v. Adams</u>, 658 F.3d 983, 990 (9th Cir. 2011) to support his position. Also, Petitioner argues that he "expressly presented the timeliness issue in his Petition

for Writ of Habeas Corpus constructively filed in" the California Court of Appeal on January 24, 2012.

Respondent argues that Petitioner's argument lacks merit because, pursuant to <u>Evans v. Chavis</u>, 546 U.S. 189, 194 (2006), a federal court should not presume that a California court's denial of a petition for writ of habeas corpus on the merits means that the petition was timely. Moreover, <u>Campbell</u> and <u>Triqueros</u> identify unique circum-stances, not present here, in which it may be found that a California appellate court has impliedly overruled a Superior Court's finding of untimeliness.

In <u>Evans</u>, the U.S. Supreme Court held that a federal court should not presume that a California court's denial on the merits of a petition for writ of habeas corpus means that the petition was timely. In <u>Evans</u>, the court stated: "(T)he Ninth Circuit must not take 'such words' (the words 'on the merits') as an absolute bellwether on the timeliness question." "An approach that presumes that an order denying a petition 'on the merits' means that the petition was timely would lead to the tolling of AEDPA's limitation period in circumstances where the law does not permit tolling." <u>Evans</u>, 546 U.S. at 194-195.

In <u>Campbell</u>, the Ninth Circuit held that statutory tolling applies to state petitions for writs of habeas corpus that are denied as untimely if a higher court later reverses the untimeliness finding. <u>Campbell</u>, 614 F.3d 1060-1061.

In _Trigueros_, the Ninth Circuit did not presume that the California Supreme Court's order denying Trigueros' petition automatically meant that the court considered and found Trigueros' petition timely. Instead, it found "compelling circumstances" indicating that the California Supreme Court considered and rejected the timeliness argument. The "compelling circumstances" present in _Trigueros_ were (1) the California Supreme Court requested briefing on the merits, even though the Superior Court found Trigueros' petition untimely and the California Court of Appeal summarily denied the petition filed in that court, and (2) the state and Trigueros briefed the timeliness issue, thereby having before it all of the timeliness arguments of the parties. The _Trigueros_ court considered Trigueros' petition timely because the California Supreme Court had the timeliness question before it, but did not cite to any case involving untimeliness of the petition.

Here, the Imperial County Superior Court found Petitioner's September 16, 2011 and December 6, 2011 Petitions to be untimely. Thereafter, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. On February 28, 2012, the California Court of Appeal denied the Petition on the merits. It _did not_ reverse the Superior Court's findings of untimeliness. Therefore, _Campbell_ does not apply to Petitioner's Petitions to the Imperial County Superior Court.

12cv1708

Moreover, the California Court of Appeal *did not* request briefing on the merits of the Petition or on the timeliness issue. (Respondent's Lodgment No. 14). Therefore, the Court concludes that the compelling circumstances present in <u>Trigueros</u> *are not present* in this case.

Petitioner's claim that he expressly presented the timeliness issue in his January 24, 2012 Petition for Writ of Habeas Corpus in the California Court of Appeal is unavailing. Petitioner's presentation of the timeliness issue states that (1) he has always used due diligence to bring the issue presented in the Petition before the Court, (2) he first learned of the Court of Appeal's July 29, 2010 decision in April 2011, (3) two months later in mid-June 2011, he consulted another prisoner regarding his case, (4) in July 2011, the other prisoner advised him about the substantive issue raised in the Petition (Respondent's Lodgment No. 9 at 13), and (5) the other prisoner agreed to prepare the Petition for Petitioner. (Respondent's Lodgment No. 9 at 14). The presentation also includes a general recitation of the dates Petitioner filed his various Petitions for Writ of Habeas Corpus. (Respondent's Lodgment No. 9 at 14).

The Court finds that Petitioner did not, in fact, address the timeliness issue. If Petitioner had addressed the timeliness issue, he would have argued to the Court of Appeal that his September 16, 2011 and December 6, 2011 Petitions for Writ of Habeas Corpus filed in the Imperial County Superior Court were indeed timely, despite the fact

that the Imperial County Superior Court found them to be untimely. However, his presentation to the Court of Appeal contains no such argument or discussion. Further, Petitioner's consultation with another prisoner about his case appears to have concerned the substantive issue raised in the Petition, not the timeliness issue.

As a result, Petitioner is not entitled to statutory tolling of the statute of limitations for his September 16, 2011 and December 6, 2011 Petitions filed in the Imperial County Superior Court. <u>See also Roe v. Lewis</u>, 2012 WL 4120373 at *4 (C.D. 2012), <u>Chavez v. Lewis</u>, 2012 WL 538242 at *8 (N.D. Cal. 2012).

Adding together the periods of time when the statute of limitations was **not tolled** (**8 months, 4 days + 4 months, 20 days + 11 days**), results in a total of **1 year, 1 month and 5 days**, which is beyond the one year statute of limitations mandated by 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner failed to file his Petition for Writ of Habeas Corpus in a timely fashion and it is therefore barred.

   2.   <u>Petitioner is Not Entitled to Equitable Tolling of the Statute of Limitations</u>

Petitioner does not argue that he is entitled to equitable tolling of the statute of limitations. However, Respondent argues that Petitioner's Petition is not entitled to equitable tolling of the statute of limitations.

The U.S. Supreme Court has held that equitable tolling is available under 28 U.S.C. § 2244(d). <u>see</u>

Holland v. Florida, 130 S.Ct. 2549, 2554, 2562 (2010). In Holland, the Court recognized equitable tolling of the AEDPA one-year limitations period when the prisoner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 2562 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that AEDPA's one-year statute of limitations is subject to equitable tolling. Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). However, the Ninth Circuit in Beeler noted that "equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. [quoting Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)]. The Beeler court wrote that district judges must "take seriously Congress's desire to acceler-ate the federal habeas process" and "only authorize extensions when this high hurdle is surmounted." Id. at 1289.

The burden is on Petitioner to show that the "ex-traordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). Equitable tolling "is unavail-

able in most cases." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). "[T]he threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002).

The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." <u>Roy v. Lampert</u>, 465 F.3d 964, 972 (9th Cir. 2006) citing <u>Lacava v. Kyler</u>, 398 F.3d 271, 277 (3rd Cir. 2005). When courts assess a habeas petitioner's argument in favor of equita-ble tolling, they must conduct a "highly fact-dependent" inquiry. <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000), <u>Lott v. Mueller</u>, 304 F.3d 918, 923 (9th Cir. 2002). The extraordinary circumstances must be the "but-for and proximate cause" of the untimely filing. <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir. 2001).

Here, Petitioner has not presented anything to the Court to suggest that his Petition is entitled to equita-ble tolling of the statute of limitations. Consequently, the Court finds that Petitioner's Petition is not entitled to equitable tolling of the statute of limitations.

III

<u>CONCLUSION AND RECOMMENDATION</u>

After a thorough review of the record in this matter, the Court has determined that Petitioner has failed to comply with the AEDPA's statute of limitations

and that he is not entitled to equitable tolling of the statute of limitations. 28 U.S.C.A. § 2244(d).

Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than September 6, 2013, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than September 20, 2013. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 13, 2013

Hon. William V. Gallo
U.S. Magistrate Judge

12cv1708