# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN TRONCOSO,<br><br>                Petitioner,<br>vs.<br>DAVID LONG, Warden,<br>                Respondent. | CASE NO. 12cv1708-WQH-WVG<br><br>ORDER |

HAYES, Judge:

The matters before the Court are (1) the Report and Recommendation (ECF No. 20) of Magistrate Judge William V. Gallo, recommending that this Court grant Respondent David Long's Motion to Dismiss (ECF No. 13) the Petition for Writ of Habeas Corpus (ECF No. 1) filed by Petitioner Ruben Troncoso, and (2) the Motion to Expand the Record and for Judicial Notice (ECF No. 24), filed by Petitioner.

## BACKGROUND

On June 28, 2012, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.[1] (ECF No. 1).

On April 29, 2013, Respondent filed Lodgments and the Motion to Dismiss, contending that the Petition is untimely and should be dismissed with prejudice. (ECF No. 13). On June 25, 2013, Petitioner filed an opposition to the Motion to Dismiss. (ECF No. 18). On June 28, 2013, the Magistrate Judge issued an Order requiring Respondent to file a brief responding to Petitioner's arguments regarding, *inter alia*,

---

[1] Petitioner was proceeding *pro se* when he filed the Petition. As of May 14, 2013, Petitioner has been represented by counsel. (ECF No. 14).

*Trigueros v. Adams*, 658 F.3d 983 (9th Cir. 2011). (ECF No. 19). On August 1, 2013, Respondent filed a responsive brief. (ECF No. 20). On August 7, 2013, Petitioner filed a reply brief. (ECF No. 22).

On August 13, 2013, the Magistrate Judge issued the Report and Recommendation. (ECF No. 23). The Magistrate Judge found that the Petition is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and recommended that the Motion to Dismiss be granted.

On September 3, 2013, Petitioner filed the Motion to Expand the Record and for Judicial Notice. (ECF No. 24). Petitioner asserted: "On April 29, 2013, the Warden lodged several state court documents in this federal habeas proceeding. Lodgment 9, Mr. Troncoso's January 12, 2012 petition filed in the California Court of Appeal, omits page 6 of the petition." (ECF No. 24-1). Petitioner attached the omitted page, and contended that, "like the documents noticed in *Trigueros*, page 6 of Mr. Troncoso's January 24, 2012 state appellate court petition is directly related to the timeliness of Mr. Troncoso's state petitions." *Id.* at 4.

On September 3, 2013, Petitioner filed Objections to the Report and Recommendation. (ECF No. 25). Petitioner contended:

> First, the R&R errs by failing to apply *Ylst v. Nunnemaker*'s presumption that the last reasoned state court decision did not rest on a procedural bar unless it *clearly and expressly* does so....
>
> Second, after failing to presume that the state appellate court found Mr. Troncoso's petition to be timely under *Ylst*, the R&R determines that no compelling circumstances demonstrate that the state appellate court rejected the timeliness bar under *Trigueros v. Adams*. The R&R's determination that no compelling circumstances exist rests on its erroneous finding that Mr. Troncoso did not present the timeliness issue in his January 24, 2012 petition in the state appellate court. This erroneous finding occurred because the Warden lodged an incomplete record. Page 6 of the January 24, 2012 petition — which the Warden omitted from Lodgment 9 — explicitly states that Mr. Troncoso presented the timeliness issue.

*Id.* at 2-3 (footnotes omitted).

The docket reflects that Respondent did not file an opposition to the Motion to

1  Expand the Record and for Judicial Notice, or a response to Petitioner's Objections to
2  the Report and Recommendation.

## STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b) (1); *see also U.S. v. Remsing,* 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

No party objects to the procedural history outlined in the Report and Recommendation. *See* ECF No. 23 at 2-5; *see also* ECF No. 25 at 3 (indicating that the Petitioner agrees with the Report and Recommendation's procedural history). No party objects to the Magistrate Judge's finding that Petitioner's conviction became final on December 5, 2010. *See* ECF No. 23 at 9; *see also* ECF No. 25 at 14. The Court adopts these portions of the Report and Recommendation (i.e., ECF No. 23 at p.2 ln.14 to p.9 ln.16).

AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in state court. 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("[T]he [AEDPA] statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) is not available for the period a petition is under consideration, if it is ultimately dismissed by the state courts as untimely).

In *Trigueros*, the California Superior Court stated that Trigueros's state petition

was untimely, the California Court of Appeal summarily denied his petition, and the California Supreme Court summarily denied his petition after first requesting from respondent "an informal response on the merits." *Trigueros*, 658 F.3d at 986. The Court of Appeals for the Ninth Circuit stated that, pursuant to United States Supreme Court authority, "we do not presume that the California Supreme Court's order summarily denying Trigueros's petition automatically means that the Court considered and found Trigueros's petition timely." *Id*. at 990 (citing *Evans v. Chavis*, 546 U.S. 186, 194 (2006)). The Ninth Circuit stated:

> There are, however, compelling factual circumstances in this case signaling that the California Supreme Court did consider and reject the State's timeliness argument. Specifically, the California Supreme Court requested informal briefing on the merits, even though the Superior Court made a finding of untimeliness and the Court of Appeal summarily denied the petition. We find this highly significant. Additionally, the State briefed the timing issue and Trigueros responded. The California Supreme Court thus had before it all of the timeliness arguments from the parties. Given these factual circumstances, we ... conclude that it considered Trigueros's petition timely....

*Id*. The Ninth Circuit distinguished *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005) (holding that when the California Superior Court denied a petition as untimely, and the California Court of Appeal and Supreme Court summarily denied the petition, the state petition is not considered timely filed), because "Trigueros's case is distinguishable from *Bonner* in one very important respect: here, the California Supreme Court requested briefing on the merits from the State in response to Trigueros's habeas petition. We conclude from this significant fact that the California Supreme Court did not find a timeliness procedural bar, and decided Trigueros's petition on the merits." *Trigueros*, 658 F.3d at 990-91. The Ninth Circuit held that Trigueros's "petition filed with the Superior Court was deemed timely on review by the California Supreme Court. As the ... petition was timely filed, ... his petition has been pending for the duration of state court review, and was statutorily tolled for purposes of AEDPA review." *Id*. at 991.

As in *Trigueros*, Petitioner's state petition in this case was found to be untimely by the California Superior Court. *See* Lodgment 6; Lodgment 8. In *Trigueros*, the


Ninth Circuit found that "the California Supreme Court['s] request [for] briefing on the merits" means "that the California Supreme Court did not find a timeliness procedural bar, and decided Trigueros's petition on the merits." *Trigueros*, 658 F.3d at 991. In light of the record in this case, including newly-filed lodgment that was not before the Magistrate Judge,[2] the Court finds that the California Court of Appeal "did not find a timeliness procedural bar, and decided [Petitioner]'s petition on the merits." *Id*. The Court finds that Petitioner's "petition has been pending for the duration of state court review, and was statutorily tolled for purposes of AEDPA review." *Id*. Tolling the periods when Petitioner's state petitions were pending (i.e., between August 10, 2011 to June 13, 2012), a total of 258 days elapsed on the one-year statute of limitations when Petitioner filed his Petition in this Court. The Motion to Dismiss is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is adopted in part and not adopted in part. (ECF No. 23). The Report and Recommendation is adopted from page 2, line 14 through page 9, line 16; otherwise the Report and Recommendation is not adopted. The Motion to Dismiss is denied. (ECF No. 13). Respondent shall file an answer to the Petition within the time allowed by the Magistrate Judge. This case is referred to the Magistrate Judge pursuant to Civil Local Rule 72.1(d).

DATED: October 25, 2013

**WILLIAM Q. HAYES**
United States District Judge

---

[2] The unopposed Motion to Expand the Record and for Judicial Notice (ECF No. 24) is granted. *See Trigueros*, 658 F.3d at 987 ("[W]e take judicial notice of ... documents [from petitioner's state court habeas petition] in determining whether [petitioner]'s federal habeas petition was statutorily tolled.").