1
2
3
4
5
6
7
8
9
10
11
12

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19

RUBEN TRONCOSO,

Petitioner,

v.

DAVID LONG, Warden,

Respondent.

Case No. 12-cv-1708 BAS (BLM)

**ORDER:**
   **(1) ADOPTING REPORT AND**
      **RECOMMENDATION;**
      **AND**
   **(2) DENYING PETITIONER'S**
      **HABEAS RELIEF**

20
21
22
23
24
25
26
27
28

On June 28, 2012, Petitioner Ruben Troncoso, a state prisoner, filed this Petition for Writ of Habeas Corpus seeking 28 U.S.C. § 2254 habeas relief from his December 17, 2007 conviction and sentence for cocaine sale, transportation, and distribution.  The court denied Respondent's motion to dismiss and held Respondent to answer.  On April 30, 2014, United States Magistrate Judge William V. Gallo. issued a Report and Recommendation ("Report") recommending that this Court deny the Petition.  Petitioner filed objections to the Report.

For the following reasons, the Court **ADOPTS** the Report in its entirety

(Doc. 32), **OVERRULES** Petitioner's objections (Doc. 33), and **DENIES** the petition with prejudice (Doc. 1).

## I.     LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a party's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).   When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise") (emphasis in original).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed.   These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).   Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."   28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## II.     ANALYSIS

On December 17, 2007 Petitioner was convicted of six counts relating to the transportation and sale of cocaine. Doc. 1.   Petitioner presents one ground for habeas relief, that his appellate counsel failed to provide effective assistance because counsel did not raise a federal due process challenge to a weight-

enhancement jury instruction under California Health and Safety Code section 11370.4(a) based on the absence of a knowledge requirement.  Doc. 1, 23:9–18. Respondent filed an answer opposing habeas relief contending that Petitioner's habeas claims fail on the merits.  Doc. 29.  Thereafter, Petitioner filed a traverse. Doc. 31.

Judge Gallo issued the Report and recommended that the petition be denied. Doc. 32.  Petitioner objects to the recommendations in the Report. Doc. 33.

**A.**   **Petitioner Has Not Demonstrated Prejudice as Necessary to Challenge a Conviction for Ineffective Assistance of Counsel.**

The Sixth Amendment guarantees defendants a right to effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.*  To constitute ineffective assistance, counsel's representation must fall below an objective standard of reasonableness.  *Id.* at 688.  To challenge a conviction, a defendant must affirmatively prove prejudice by showing a reasonable probability that, absent errors, the factfinder would have had a reasonable doubt respecting guilt. *See id.* at 693–95.  This same standard has been extended to challenges to counsel's effectiveness in the appellate context.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Petitioner objects to Judge Gallo's finding that Petitioner has failed to show that his counsel's failure to raise a federal due process challenge to a weight-enhancement jury instruction constitutes prejudicial error sufficient to challenge his conviction.  This Court reviews the claim *de novo¸* finding that Petitioner was not prejudiced by his counsel's failure because precedent shows that knowledge of the specific weight of the contraband is not Constitutionally required.  *See People v. Meza*, 38 Cal.App.4th 1741 (1995); *U.S. v. Klein*, 860 F.2d 1489 (9th Cir. 1988).

– 3 –

The Ninth Circuit has clearly decided that there is "no merit" to the argument that the government must prove knowledge of the *amount* of contraband after already proving criminal intent to distribute the controlled substance. *U.S. v. Klein*, 860 F.2d at 1494. The California courts have adopted this reasoning and applied it to section 11370.4. *People v. Meza*, 38 Cal.App.4th at 1747–1748. In the face of clear precedent, it is exceedingly improbable that Petitioner was in any way prejudiced by his counsel's failure to address the issue on appeal. Accordingly, Petitioner is not entitled to habeas relief for ineffective assistance of counsel.

## III.   CONCLUSION & ORDER

After considering Petitioner's objections and conducting a *de novo* review, the Court concludes that Judge Gallo's reasoning in the Report is sound. In light of the foregoing, the Court **ADOPTS** the Report in its entirety (Doc. 32), **OVERRULES** Petitioner's objections, and **DENIES** this habeas petition with prejudice in its entirety (Doc. 1).

Moreover, because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DENIES** a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

**DATED:  June 30, 2014**

**Hon. Cynthia Bashant**
**United States District Judge**